**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GWENDOLYN HOUSTON,

    Plaintiff,

v.                                                      Case No. 10-CV-10330

AMERICAN SALES AND MANAGEMENT, LLC,

    Defendant.
                                                       /

**ORDER REQUIRING "STATEMENT OF CITIZENSHIP"**

This case was removed from Wayne County Circuit Court on January 25, 2010. At the time of the removal, Defendant American Airlines, Inc., alleged that complete diversity of citizenship existed between itself and Plaintiff Gwendolyn Houston. Since that time, American Airlines has been replaced as the sole Defendant by American Sales and Management, LLC ("ASMORG"). As discussed during a December 7, 2010, telephone conference among the court and both counsel, there is at present insufficient information to determine if complete diversity exists between Plaintiff[1] and ASMORG, and Defendant will be required to file a statement with information adequate to allow the court to determine whether it has subject matter jurisdiction over this case.

---

[1] The "Notice of Removal" indicates that Plainitff "is a resident of Michigan." (Notice ¶ 3.) An individual, however, is not necessarily a citizen of the place in which he or she resides. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Rather, an individual is a citizen of the state in which he or she is domiciled, which is determined by two elements: (1) physical presence within a state and (2) the mental intent to make a home there indefinitely. *See id.* The court interprets Defendant's statement as an averment that Plaintiff is a "citizen" of Michigan. If such is not the case, Defendant is directed to so clarify in its "Statement of Citizenship."

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Title 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332(a), therefore, the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000, and (2) that complete diversity exist between the disputing parties.

The "Notice of Removal" sufficiently alleged that the amount in controversy exceeds $75,000. (*See* Notice ¶ 4.) However, the citizenship of Defendant ASMORG is unclear. Limited liability companies "have the citizenship of each partner or member." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (citing *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* (citing *Delay*, 585 F.3d at 1005). Inasmuch as the court is not aware of the citizenship of ASMORG,

Defendant is DIRECTED to file a "Statement of Citizenship" by **December 9, 2010**, identifying the citizenship of each of ASMORG's members. If complete diversity does not exist, this action will be remanded for lack of subject matter jurisdiction.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522