**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GWENDOLYN HOUSTON,

    Plaintiff,

v.                                             Case No. 10-CV-10330

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC,

    Defendant.
_____/

**ORDER MEMORIALIZING RULINGS ON ORAL MOTIONS IN LIMINE**

On January 13, 2011, the court conducted a telephonic hearing, on the record, where it heard five oral motions in limine. The court heard arguments in favor of and opposing these motions and gave its ruling on each of the motions on the record. This order serves to memorialize the court's oral rulings.

First, Plaintiff moved under Federal Rules of Evidence 402 and 403 to exclude any reference to the absence of an incident report where one would ordinarily be expected to exist in Defendant's file memorializing an incident such as alleged by Plaintiff. The court found the evidence was relevant and its probative value was not substantially outweighed by any prejudice to Plaintiff. The motion was therefore DENIED.

Second, Plaintiff moved under Federal Rule of Evidence 403 to exclude any reference to Plaintiff's prior litigation. The court found that any statements made by Plaintiff, "in either an individual or a representative capacity," is admissible. Fed. R. Evid. 801(d)(2). Accordingly, the motion was DENIED. Counsel, however, were directed to collaborate and prepare appropriate cautionary language to provide to the

jury clarifying that no adverse implication arises from the mere fact that a person has participated in a lawsuit.

Third, Plaintiff moved under Federal Rules of Evidence 402 and 403 to exclude any reference to Plaintiff's social security benefits. This motion was RESOLVED BY AGREEMENT in that, generally, relevant statements made by Plaintiff in pursuit of benefits may be admissible but the mere fact of a benefit award (or denial) is not.

Fourth, Plaintiff moved under Federal Rules of Evidence 403, 802, and 901 to exclude a recorded statement of May 22, 2009. This motion was RESOLVED BY AGREEMENT in that, assuming an appropriate factual foundation is provided that such statement was made by Plaintiff herself and is relevant, there is no basis to exclude it.

Finally, Defendant moved under Federal Rules of Evidence 402 and 403 to exclude evidence of the existence of a Medicare lien. The court determined that the mere fact that a Medicare lien exists, or its amount if it does, is not relevant to any issue required for jury resolution in this negligence action. The motion was accordingly GRANTED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2011, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

C:\Documents and Settings\wagner\Local Settings\Temp\notesFCBCEE\10-10330.HOUSTON.OralMotionsInLimine.2.wpd