**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GWENDOLYN HOUSTON,

    Plaintiff,

v.                                                                                          Case No. 10-10330

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC,

    Defendant.
                                                                              /

**ORDER STRIKING MOTION FOR RECONSIDERATION**

On January 24, 2011, following a jury verdict, the court entered a judgment in favor of Defendant American Sales and Management Organization, LLC, and against Plaintiff Gwendolyn Houston. Over three weeks later, Plaintiff filed, pro se, a document entitled "Motion for Reconsideration." The motion will be stricken as improper.

First, Plaintiff is represented in this matter by Attorneys Erik Stone and Cyril V. Weiner and must rely on her counsel to file motions. Plaintiff is allowed to represent herself pro se or, alternatively, to appear through counsel—she cannot do both simultaneously. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). It is well-settled that in civil cases a litigant "has no constitutional or other right to conduct his own case pro se and have the aid of counsel to speak and argue for him at the same time." *Brasier v. Jeary,* 256 F.2d 474, 478 (8th Cir. 1958); *see Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir. 1968) ("Under [28 U.S.C. § 1654] Lee had a right to represent himself or to be represented by counsel, but he had no right to a hybrid representation

partly by himself and partly by counsel."). The same is also true in criminal cases. *See Faretta v. California*, 422 U.S. 806, 807, 832 (1975).

No motion to withdraw as counsel has been filed by Plaintiff's counsel under Eastern District of Michigan Local Rule 83.30(a). Thus, Plaintiff must rely on her counsel to file all motions in her case. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 54] is STRICKEN. The Clerk of the Court is instructed to retain the images of the motion on the docket so that Plaintiff's counsel may review the motion to determine whether any action should be taken based on its substance.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-10330.HOUSTON.Reconsideration.chd.wpd