**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GWENDOLYN HOUSTON,

    Plaintiff,

v.                                                        2:10-cv-10330-RHC-DAS

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, L.L.C.,
    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR REVIEW OF CLERK ACTION UNDER FED. R. CIV. P. 54(d)(1)**

Pending before the court is a motion brought by Defendant, American Sales and Management Organization, L.L.C. ("ASMORG"), to review the Clerk's denial of certain items of costs included in ASMORG's "Supplemental Bill of Costs" and award these costs to AMSORG under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. For the reasons stated below, the court will grant in part and deny in part the motion.

**I. BACKGROUND**

Plaintiff Gwendolyn Houston filed a negligence suit against ASMORG for an incident that she alleged had occurred on February 19, 2009, at Miami International Airport. Plaintiff requested a wheelchair for assistance in boarding an American Airlines flight. According to Plaintiff, as she sat down in the wheelchair, she fell to the floor due to the negligence of the ASMORG employee holding the wheelchair. As a result of the fall, Plaintiff alleged that she sustained a spinal injury that required her to undergo spinal fusion, a hospital stay, and physical therapy.

Following a three-day jury trial, a verdict was returned in favor of ASMORG. Judgment was entered on January 24, 2011. On January 24, 2011, ASMORG submitted its Supplemental Bill of Costs containing supporting invoices and other information to the Clerk of the Court. ASMORG requested that the court award it a total of $12,828.65 in taxable costs. On February 28, 2011, the Clerk entered the Taxed Bill of Costs, which awarded only $5,137.65, rejecting approximately $7,592.00 in fees associated with depositions of Plaintiff's treating physicians –cast as "experts"–and other costs associated with the presentation of electronic evidence to the jury. Of the $3,330.00 in witness fees requested by ASMORG for depositions of the Plaintiff's treating physicians, Drs. Roderick Claybrooks and Angela Harris, the Clerk awarded ASMORG only $80.00 in taxable costs. Of the $4,717.00[1] in costs requested for converting documentary exhibits and transcripts into electronic format and syncing and editing videotaped deposition testimony for presentation at trial, the Clerk awarded ASMORG only $375.00 in taxable costs.

Pursuant to the local rules, a party seeking to tax costs must file a bill of costs with the clerk "no later than 28 days after the entry of judgment." E.D. Mich. L.R. 54.1. The court's Bill of Costs Handbook, § I, B, requires "the Clerk, or the Clerk's designee, to tax all allowable costs." Following the taxing of allowable costs, "counsel for either side, may within seven days, file a motion to review the action of the taxation clerk and request review by the Court." *Id.*

---

[1] The court takes note of the admitted $50.50 discrepancy on page 7 of movant's motion between requested costs that were associated with scanning documents and exhibits for trial and what was listed on the invoice provided with the bill of costs. The court will exclude the $50.50 when calculating taxed costs.

## III. DISCUSSION

The language Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - - other than attorney's fees - - should be allowed to the prevailing party. Federal Rule 54 thus "creates a presumption in favor of awarding costs" other than attorney's fees. *White & White, Inc. V. American Hospital Supply Corp.*, 786 F.2d 728 (6th Cir. 1986). This presumption, however, is limited by those costs specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.* 482 U.S. 437, 441 (1987). Specifically relevant to this case, a Judge or Clerk may tax a number of costs including, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as well as "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(2)&(3). Fees paid to witnesses, however, are limited through 28 U.S.C. § 1821(b) to $40 per day for each day of attendance.

### A. "Expert Witness" Fees

In its motion, ASMORG argues that the Clerk erred in taxing only $80.00 of a total requested $3,330.00 in witness fees for Plaintiff's treating physicians, Dr. Angela Harris and Dr. Roderick Claybrooks, for their attendance at discovery depositions. ASMORG requests that the court find that the additional $3,250.00 paid to Plaintiff's treating physicians be taxed as costs to Plaintiff. In support of their argument, ASMORG advances that to the extent that Plaintiff's treating physicians' testimony constituted expert medical testimony, these are "costs other than attorneys' fees which a prevailing party may recover" under Fed. R. Civ. P. 54. *Tindall v. One Ford Mustand*,

3

No. 05-73467, 2007 WL 2050408 at *5 (E.D. Mich. July 16, 2007).

ASMORG also cites an Eighth Circuit case which held that certain expert fees may be recoverable as costs, in the discretion of the court, when the expert testimony is especially crucial to determination of the issues in a case. *See Wilmington v. J.I. Case Co.*, 793 F.2d 909, 923 (8th Cir. 1986). ASMORG argues that in this case, Plaintiff's treating physician testimony was crucial in establishing that Plaintiff's back problems existed prior to the alleged negligence in this case.

The court is not persuaded that the additional $3,250.00 paid to Plaintiff's treating physicians may be taxed as costs. First, in the Sixth Circuit, a *treating* physician is not considered an "expert," at least for purposes of the reports required by Rule 26(a)(2)(B), unless that physician was "retained or specially employed to provide expert testimony." *Fielden v. CSX,* 482 F.3d 869 (6th Cir. 2007). Such does not appear to be the case here. Plaintiff's treating physicians are far more likely *fact* witnesses. *Id.* Even if these treaters were properly cast as *Defendant's* experts for purposes of trial, it remains true that a prevailing party's "expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them." *L&W Supply Corp. V. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007). Whether they be fact witnesses or expert witnesses, ASMORG is entitled to only $40.00 for each of Plaintiff's physicians under § 1821(b). *See Crawford Fitting Co.*, 482 U.S. at 439 ("[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary"). The holding of *Wilmington* does not persuade the court otherwise. It appears to the court to be an outlying case, based upon earlier outlying cases, amounting to a finding

4

that the statutory bar on witness fees beyond $40 can be avoided by a discretionary determination that the expert testimony was "crucial" to the prevailing party's case. *Wilmington's* holding was justified by citation to *Nemmers v. City of Dubuque*, 764 F.2d 502 (8th Cir. 1985), in which the court, over a sharp dissent, found that expert witness fees could be properly taxed "under Rule 54(d) where the expert testimony is crucial to the resolution of the disputed issue." *Id.* The "crucial testimony" standard traced back to an earlier Eighth Circuit case, *Paschall v. Kansas City Star Co.,* 695 F.2d 322, 338-39 (8th Cir.1982), vacated on other grounds, 727 F.2d 692, 704 (8th Cir.1984), in which the court asserted that "*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) . . . indicated that Fed. R. Civ. P. 54 authorizes district judges to award costs not specifically enumerated in 28 U.S.C. Sec. 1821.19." *Id. Paschall* then cited a district court case, *Welsch v. Likins,* 68 F.R.D. 589, 597-598 (D. Minn. 1975), for the proposition, drawn from *Farmer,* that expert witness fees may be awarded "when 'they were particularly necessary under the circumstances of the individual case.'" *Id.* An examination of *Farmer,* in turn, reveals that the Supreme Court said only that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.* 379 U.S. 227, 235 (1964). In *Farmer,* there was no consideration of expert, or any other, fees. Indeed, the Court, in mentioning such "expenses not specifically allowed by statute" was in the process of affirming the trial court's *refusal* to "tax the actual transportation expenses of the witnesses from Arabia, limiting those costs to the per diem fees fixed by law and to expenses for travel for a distance not to exceed 100 miles to and from the courthouse." *Id.* at 234.

If the Eighth Circuit's flexible *Wilmington* "crucial testimony" standard were applicable in the Sixth Circuit, Defendant might well prevail in taxing these professional–perhaps "expert"–witness costs.[2] But, as the Sixth Circuit standard is not so generous, the court must find that the additional $3,250.00 in costs are not taxable to the Plaintiff.

### B. Evidence Fees

ASMORG also argues that it is entitled to $4,291.50 in evidence costs that the Clerk refused. The Clerk refused to tax these costs because it was unable to reconcile them with the invoice that ASMORG provided with its bill of costs. The court has carefully considered ASMORG's motion, is satisfied with the explanation provided for these costs, and will award them accordingly.

### 1. Costs for Video Editing

ASMORG requests that $170.00 in fees for editing deposition videos for two witnesses that the Clerk refused be taxed as costs to the Plaintiff. Costs associated with editing video depositions used at trial are taxable under Rule 54(d). *See BDT Products, Inc. V. Lexmark Int'l, Inc.*, 405 F.3d 415, 419-20 (6th Cir. 2005). The invoice that ASMORG provided to the court from Video Enterprises shows a total of four hours at $85.00 an hour was spent editing all the video depositions used for trial. The court accepts ASMORG's judgment that approximately two of those hours were associated with the two deposition videos charged. Accordingly, the court orders that the $170.00

---

[2] Although the physicians' testimony was unquestionably striking, and very helpful to Defendant's case, the court makes no definitive determination about whether the testimony was sufficiently "crucial" for taxation under a *Wilmington*-like standard because that issue has not been fully briefed.

be taxed as costs to the Plaintiff.

### 2. Costs for Scanning Documents Used at Trial

ASMORG also argues that $2,337.50 in fees for scanning documents/evidence into electronic format for use at trial that the Clerk refused should be taxed as costs to the Plaintiff. Costs associated with transferring documents into electronic format are taxable when they are necessarily incurred in the case. *See BDT Products* 405 F.3d at 420. According to the Video Enterprises invoice supplied with ASMORG's bill of costs, there are four separate events associated with "scanning and loading to Trial Director." Those charges are for $637.50, $807.50, $382.50, and $510.00 all adding up to a total of $2,337.50. These are all documents that ASMORG used at trial; as such, they were necessarily incurred in the case. Consequently, the court orders that the $2,387.00 be taxed as costs to the Plaintiff.

### 3. Costs for Electronic Presentation of Evidence at Trial

Finally, ASMORG notes that $1,785.00 associated with set up and presentation fees related to the use of electronic exhibits and transcripts at trial that the Clerk refused should be taxed as costs to the Plaintiff. Expenses necessarily incurred in presenting documentary and deposition evidence at trial are taxable as costs. *See BDT Products*, 405 F.3d at 419-20. In the Video Services invoice provided with ASMORG's bill of cost there are three charges of $595.00 each associated with set up and presentation at trial of evidence. This comes to a total of $1,785.00. Therefore, the court orders that the $1,785.00 be taxed as costs to the Plaintiff.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that ASMORG's "Motion for Review of Clerk Action under Fed. R. Civ. P. 54(d)(1)" is GRANTED IN PART and DENIED IN PART.

Additional costs are AWARDED in the amount of $4,291.50.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: February 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2012, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522